IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION


MAURICIO ARGUETA,                    :

        Petitioner,                  :

v.                                   :
                                          CIVIL ACTION 06-0769-BH-M
ALBERTO GONZALES,                    :
MICHAEL CHERTOFF,
WARDEN DAVID O. STREIFF,[1]          :

        Respondents.                 :


REPORT AND RECOMMENDATION


        This is an action under 28 U.S.C. § 2241 by Mauricio

Argueta, a citizen and native of El Salvador, who has been

detained by the U.S. Department of Homeland Security (Doc. 1).[2]

This action has been referred for report and recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and

is now ready for consideration.  The record is adequate to

determine Petitioner's claims; no evidentiary hearing is

required.  It is recommended that the instant petition be

dismissed as moot.

---

    [1]Robert Gaines is no longer the Warden of the Perry County
Correctional Center.  Accordingly, pursuant to the provisions of Rule
25(d) of the Federal Rules of Civil Procedure, David O. Streiff, as
Warden of that facility, is substituted for Gaines as a proper
Respondent in this action.

    [2]Petitioner has been in the actual custody of David O. Streiff,
Warden of the Perry County Correctional Center in Uniontown, Alabama.
"Whenever a § 2241 habeas petitioner seeks to challenge his present
physical custody with the United States, he should name his warden as
respondent and file the petition in the district of confinement."
*Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

In his petition, Argueta states that he entered this country in 1987 (Doc. 1, p. 7).[3]  Petitioner asserts that he was taken into custody by agents of the U.S. Bureau of Immigration and Customs Enforcement (hereinafter *ICE*), in November 2004, pursuant to a finding by an Immigration Judge that he should be deported (*id.*).  Petitioner maintains that he has been detained for too long and that such detention is improper (*id.* at pp. 708).  Argueta seeks release from custody (*id.* at p. 8).  Petitioner filed this action on November 13, 2006 (Doc. 1).

Respondents subsequently filed an Answer to the Petition, stating that Petitioner was deported to El Salvador on March 16, 2007 (Doc. 24).  Attached to that Answer is a Declaration, dated April 18, 2007, from an ICE Enforcement Officer, stating that Argueta was removed from this country to El Salvador on March 16, 2007 (Doc. 24, Exhibit E).  Respondents assert that because Argueta is no longer in the custody of ICE or the U.S. Department of Homeland Security (hereinafter *DHS*), Petitioner's request is moot and this action should be dismissed (Doc. 24).

The Eleventh Circuit Court of Appeals has directly answered the question posed in this action, stating as follows:

> As we have explained on many occasions, Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" and "Controversies."

---

[3]A document provided by Respondents shows that Argueta entered this country on May 8, 1987 (*see* Doc. 24, Exhibit B).

U.S. Const. art III, § 2.  In turn, the "case or controversy" constraint imposes on federal courts a "dual limitation" known as "justiciability."  *United States v. Fla. Azalea Specialists*, 19 F.3d 620, 621 (11th Cir. 1994).  "The doctrine of justiciability prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context."  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001).  Article III's case or controversy requirement provides "an important restriction on the power of the federal courts," which is necessary "[b]ecause the judiciary is unelected and unrepresentative."  *Id.* (quoting *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir.1998)) (internal quotations omitted); *see also Allen v. Wright*, 468 U.S. 737-38, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) ("[T]he 'case or controversy' requirement defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded.").

The doctrine of mootness derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy."  *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969).  As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'"  *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)).  Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful

relief, then the case is moot and must be dismissed." *Al Najjar*, 273 F.3d at 1336.  In fact, "dismissal is required because mootness is jurisdictional." *Id.* (citing, *e.g.*, *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction")).  "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Florida Ass'n of Rehab. Facilities*, 225 F.3d at 1217.

Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated and evading review, we have held that "this exception is 'narrow,' and applies only in 'exceptional situations.'" *Al Najjar*, 273 F.3d at 1336 (quoting *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir. 2001)) (internal quotations omitted).  In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir. 1997) (emphasis added).  Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." *Al Najjar*, 273 F.3d at 1336.

*Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242-1243 (11th Cir. 2002).

Under these legal principles, it is clear that Argueta's petition is now moot because there is no case or controversy.  As Petitioner was removed from this country on March16, 2007, he is no longer being held by ICE, the DHS, or, presumably, any other

U.S. Government entity.  *See Soliman*, 296 F.3d at 1243.

Furthermore, there is no reason to believe that Argueta will be

detained again in the future, so this is not a case that meets

"the narrow exception for cases that are capable of repetition

yet evading review."  *Id.*

    Because no case or controversy now exists with regard to

this petition, it is recommended that this action be dismissed as

moot.


        MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
          AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
            AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk of
court.  Failure to do so will bar a *de novo* determination by the
district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the magistrate
judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d
736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404
(5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging
the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

    A party may object to a recommendation entered by a
    magistrate judge in a dispositive matter, that is, a
    matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
    a "Statement of Objection to Magistrate Judge's
    Recommendation" within ten days after being served with
    a copy of the recommendation, unless a different time
    is established by order.  The statement of objection
    shall specify those portions of the recommendation to
    which objection is made and the basis for the
    objection.  The objecting party shall submit to the
    district judge, at the time of filing the objection, a
    brief setting forth the party's arguments that the
    magistrate judge's recommendation should be reviewed de
    novo and a different disposition made.  It is

insufficient to submit only a copy of the original
brief submitted to the magistrate judge, although a
copy of the original brief may be submitted or referred
to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 4th day of May, 2007.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE